UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRANDY MULLINS )
)
)
V. ) CASE NO. 2:13-CV-130
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security )

## REPORT AND RECOMMENDATION

The plaintiff, representing herself, filed this suit to obtain judicial review of the Commissioner's denial of her application for disability insurance benefits and supplemental security income.

The commissioner has filed a motion to dismiss plaintiff's suit pursuant to F.R.Civ.P. 12(b)(6), asserting that plaintiff filed her suit too late, as a result of which the Commissioner's administrative denial of plaintiff's claim is final. [Doc. 10]

The motion has been referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Standing Order of this court.

The plaintiff has not filed a response to the motion. It should be noted that the court has waited somewhat longer than the usual 17 days for submitting this report and recommendation.

Defendant's motion is accompanied by the declaration of Patrick Herbst of the Court Case Preparation and Review Branch Office of Disability Adjudication and Review of the Social Security Administration.

Normally, an affidavit or declaration cannot be considered in ruling upon a 12(b)(6) motion to dismiss without converting the motion into a motion for summary judgment under Rule 56. However, Mr. Herbst's declaration only provides in compact form the relevant dates which, by dint of effort, the court could glean itself from the administrative record. Thus, consideration of Mr. Herbst's declaration does not convert the defendant's motion into a motion for summary judgment.[1]

A social security claimant who seeks judicial review of an adverse decision by the Commissioner must file suit in district court within 60 days "after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g).

By administrative regulation, the Commissioner has determined that the 60 day period begins to run when the claimant *receives* notice of the Commissioner's final decision, whether it be that of an administrative law judge or the Appeals Council.[2]

In this same section, the regulation provides that "the date of receipt . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."

The practical effect of the foregoing regulation is that a claimant has a total of 65 days from the date of the notice to the claimant of the Appeal Council's denial of the claim.

---

[1] As a practical matter, it makes no difference even if the motion to dismiss is treated as a motion for summary judgment since the plaintiff has filed no response or counter-affidavit.

[2] 20 C.F.R. 422.210(a) and (c).

The dates of the relevant events as far as plaintiff's claim are concerned are as follows:

(1) January 6, 2012: the administrative law judge issues his decision denying the plaintiff's claim for disability insurance benefits and supplemental security income.

(2) On an unspecified but nevertheless timely date, plaintiff requested review of the decision of the administrative law judge.

(3) February 27, 2013: the Appeals Council mailed to plaintiff at 1732 Pressman's Home Road in Rogersville, Tennessee, notice of its denial of plaintiff's claims.[3] This of course is the date that triggered the commencement of the 60-day period.

(4) April 22, 2013: the Appeals Council notified plaintiff that it was declining to reopen the hearing decision.

(5) May 9, 2013: plaintiff filed this suit.

The first day of the period - February 27, 2013 - should be excluded from the computation, F.R.Civ.P. 6(a). Thus, the first day was February 28.[4] There were 31 days in March and 30 days in April. Excluding the last day of the period, *i.e.*, May 9, when she filed her suit, there were eight days in May. Therefore, plaintiff filed her complaint 69 days after February 27, 2013, the date of the notice of the adverse decision of the Appeals Council. That was four days too late.

---

[3] In addition to notifying plaintiff that her claims were denied, the notice also advised her that she had 60 days from the date she received the notice in which to file a civil action. It also advised her that she could request the Appeals Council to extend her time to file suit.

[4] 2013 was not a leap year.

3

Lacking any response from the plaintiff, it must be presumed that she never requested an extension of time to file her suit. Similarly, has not shown to this court any basis to equitably toll the 60 day limitation.

In conclusion, the record reflects that plaintiff simply filed her suit for judicial review of the Appeals Council's decision beyond the limitation period of 42 U.S.C. § 405(g), as expanded by 20 C.F.R. § 422.210. It is therefore recommended that the Commissioner's motion to dismiss be granted..[5]

Respectfully submitted,

                                                     s/ Dennis H. Inman
                                          United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).